David L. Skelton, Trustee State Bar No. 96250
Rebecca E. Pennington State Bar No. 174488
Richard L. Stevenson State Bar No. 239705
**OFFICE OF THE CHAPTER 13 TRUSTEE**
525 B Street, Suite 1430
San Diego, CA 92101
Telephone (619) 338-4006
Facsimile (619) 239-5242

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 14-07308-CL13 |
| | DATE: March 4, 2015 |
| EDWARD BUSTIN, III | TIME: 10:00 AM |
| | DEPT: 5 |
| Debtor. | TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND MOTION TO DISMISS PURSUANT TO 11 U.S.C.1307(C)(5) |

DAVID L. SKELTON, Chapter 13 Standing Trustee ("Trustee"), hereby objects to confirmation and moves the Court for an Order of Dismissal and Denial of Confirmation. The bases for the Trustee's objection(s) are:

### I.   11 USC § 1322(d)(1)(C)

A. The Plan provides for payments over a period exceeding five years (or exceeding 3 years without cause). See §1322(d) *et. seq.*

**1.   Unable to determine plan length due to plan errors.**

### II.   11 USC § 1325 (b)(1)(B) AND/OR 11 USC § 1329(a)

A. The debtor has failed to apply all projected disposable income to the Plan for a period of not less than the applicable commitment period (the "ACP"). See *In Re Danielson v. Flores,* (In re Flores), 2013 U.S. App. LEXIS 18413 (9th Cir. March 2013); See *In Re*

---

Re: Trustee's Objection to Confirmation of Chapter 13 Plan And Motion to Dismiss
Rev. 10/11/2013

1

*Braswell,* 2013 Bankr. LEXIS 2630 (Bankr. D. Oregon June 2013); See §1325(b)(1)(B); See §1329(a); See also, *In re Ransom,* 131 S.Court 716; 178 L.Ed 2d 603 (2011); *In re Sounakhene*, 249 B.R. at 805 citing *In re Than,* 215 B.R. 430 (9th Cir. BAP 1997); *In re Sunahara,* 326 B.R. 768 (9th Cir. BAP 2005); *In re Hall,* 442 B.R. 754 (Bankr. D. Idaho 2010); *In re Witkowski,* 16 F.3d 739, 746 (7th Cir. 1994); *In re Powers,* 202 B.R. 618 (9th Cir. BAP 1996).

1. **Insufficient proof of income provided: Trustee requires last paystub from August 2014 and February 2014 with YTD information for Debtor (and for non-filing spouse, if applicable), proof of unemployment compensation received during same time period, as wells as W2s and a declaration regarding cash out of 401(k).**
2. **Trustee is unable to verify B22 and Schedules.**
3. **Inflated budget items: transportation at $950**
4. **2013 taxes are in budget at $50 per month when Trustee pays.**

### III.    11 USC § 1325(a)(6)

A. The debtor has no ability to make the payments proposed by the Plan. See §1325(a)(6). The debtor has no regular income. See §109(e).

1. **Incomplete proof of income provided – see paragraph II above.**
2. **Unemployment income included on Schedule I, but note states Debtor is no longer receiving unemployment income.**

### IV.    11 USC § 1322 *et. seq.*

A. The Plan is incomprehensible or internally inconsistent and the Trustee cannot administer it in its current format.

1. **Select Portfolio is listed in plan paragraph 4 and should be in plan paragraph 15.**
2. **A lien strip paragraph is needed for Bucks Financial.**
3. **Select Portfolio is listed in plan paragraph 4, but is scheduled as secured on Schedule D. Amended plan required.**
4. **Installment payment in paragraph 4 exceeds plan payment.**

```
Re:  Trustee's Objection to Confirmation of Chapter 13 Plan And Motion to Dismiss
Rev. 10/11/2013
```
2

## V. <u>11 USC § 1325(a)(3)</u>

A. The Plan is not proposed in good faith or does not comply with Code provisions. See §1325 (a)(3); *In re Leavitt,* 171 F.3d 1219, 1222-23 (9th Cir. 1993); *In re Lanning,* 403 B.R.47 (Bankr. N.D. CA 2009); *In re Padilla,* 213 B.R. 349, 352 (9th Cir. BAP 1997).

1. **Attorney fees are outside of guideline for consumer case.**
2. **Discrepancy between 2016B Attorney Fee Disclosure and Rights and Responsibilities regarding initial fees charged.**
3. **No dates are listed when claims where incurred on Schedule D or F.**
4. **341(a) continued one month and still insufficient proof of income provided to Trustee.**
5. **Trustee requires corrective/protective language from PCM page 2 with box 1 checked. (*See* Exhibit A).**
6. **See paragraphs I through IV above.**

## VI. <u>11 USC § 1307(c)(1)</u>

A. This matter should be dismissed pursuant to §1307(c)(1) for a delay that is prejudicial.

## VII. <u>11 USC 1307(c)(4)</u>

A. This matter should be dismissed pursuant to §1307(c)(4) for failure to commence making timely payments.

## VIII. <u>11 USC § 521(a)(1)(B)(iv)</u>

A. This matter should be dismissed pursuant to §521(a)(1)(B)(iv) for failure to provide copies of all payment advices.

///

///

///

///

### IX.    11 USC § 521(e)(2)(B)

A.  This matter should be dismissed pursuant to §521(e)(2)(B) for failure to provide copies of Federal tax returns to Trustee.

WHEREFORE, the Trustee respectfully requests that confirmation of Debtor's plan be denied and the case be dismissed.

Date:  January 15, 2015                              /s/ Rebecca E. Pennington
                                                                    Attorney for Chapter 13 Trustee

# EXHIBIT A

Attachment to Preconfirmation Modification
Dated _____

1. ☐ Annually, commencing with tax year _____ and continuing through tax year _____ for the duration of the plan, Debtor(s) must provide copies of tax returns to Trustee to monitor disposable income for the purpose of a §1329 modified plan.

2. ☐ Annually, commencing with tax year _____ and continuing through tax year _____, Debtor(s) must not increase withholding exemptions from exemption amounts on paystub(s) which were provided to Trustee with the pay date(s) of _____; and Debtor(s) must turn over federal and state tax refunds to the Trustee as and for additional payments, and Trustee may increase the dividend to unsecured creditors based upon the overpaid tax amounts appearing on the tax returns.

3. ☐ Annually, for the duration of the plan, Debtor(s) will provide written status updates to Trustee regarding the disposition of the lawsuit listed in Schedule B, and must turn over to Trustee all non-exempt proceeds recovered from any settlement.

4. ☐ For the duration of the plan, Debtor(s) must turn over _____% of all gross bonuses, commissions, or monetary awards along with the pay invoices as they are received to Trustee as and for additional payments, and Trustee may increase the dividend to unsecured creditors based upon the amounts appearing on paystubs, invoices, or other pay records.

    Paragraph 2 of the plan is amended to delete the first sentence and replace it with "Adequate Protection Payments to be made in compliance with the Court's General Order and Local Rules".
    Paragraph 3(A) of the plan is amended to delete "at the time of disbursement".
    Paragraph 13 of the Plan is amended to add the following language: "If the percentage is blank or filled in at less than 100%, Trustee is authorized to increase the percentage to comply with the required applicable commitment period calculation, even if there is a pro rata amount specified.
    This Preconfirmation Modification is entered into for purposes of settlement negotiations and does not impute or impose any issue or claim preclusion such as, but not limited to, *res judicata* or "law of the case." All Schedules and financial data are subject to review upon the filing of any modified plan.

APPROVED AS TO FORM AND CONTENT:

_____     _____
Attorney for Debtor(s)                               Chapter 13 Trustee or Attorney for Trustee

Preconfirmation Modification, Case Name: _____ Case No. _____